**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2149**

SANTOS E. REYES, a/k/a Santos E. Reyes Chicas,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  April 27, 2018                                Decided:  May 3, 2018

Before FLOYD and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Vienna, Virginia, for Petitioner. Chad A. Readler, Acting Assistant Attorney General, Anthony C. Payne, Assistant Director, Jeffery R. Leist, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Santos E. Reyes, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals denying Reyes' motion to reopen his removal proceedings. For the reasons set forth below, we dismiss in part and deny in part the petition for review.

Before this court, Reyes asserts various errors related to the denial of his application for cancellation of removal. But these issues were fully litigated in Reyes' initial removal proceedings and first petition for review. *See Reyes v. Lynch*, 611 F. App'x 161 (4th Cir. 2015). Indeed, the only administrative order that is properly before us is the Board's order denying Reyes' motion to reopen removal proceedings. Accordingly, we limit our review to that order and dismiss the petition for review to the extent Reyes challenges either the agency's earlier denial of his application for cancellation of removal or this court's affirmance of that ruling.

Turning to the Board's denial of Reyes' motion to reopen, we have reviewed Reyes' claims in conjunction with the administrative record and conclude that the Board did not abuse its discretion in denying the motion as untimely and for failing to establish his prima facie eligibility for relief from removal. *See* 8 C.F.R. § 1003.2(a), (c) (2017); *Mosere v. Mukasey*, 552 F.3d 397, 400 (4th Cir. 2009); *see also Prasad v. Holder*, 776 F.3d 222, 228 (4th Cir. 2015) (reaffirming that the Board may deny a motion to reopen "solely on the ground that [the alien] has not established prima facie eligibility for" the relief he seeks). Accordingly, we deny the petition for review in part for the reasons stated by the Board. *See In re Reyes* (B.I.A. Aug. 30, 2017). We dispense with oral

2

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART,*
*DENIED IN PART*